FORM TO BE USED BY FEDERAL PRISONERS IN FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 USC 2241

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARTIN D. WALKER 747874
HC 67 BOX 115
KENEDY TEXAS. 78119

Petitioner

(Full name under which you were convicted; prison number; and full mailing address.)

vs.

GARY L. JOHNSON, DIRECTOR TDCJ-ID

P.O. BOX 99
HUNTSVILLE, TEXAS. 77342

Respondent

(Name of Warden or other authorized person having custody of petitioner.)

United States District Court
Southern District of Texas

FEB 03 2000

MICHAEL N. MILBY CLERK

CIVIL ACTION NO. __C 00 046__

PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT. ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.

1. This petition concerns: (Check appropriate blank.)

   _____ a conviction

   _____ a sentence (CAUTION: If you are attacking a sentence imposed under a federal judgment, you must first file a direct motion under 28 U.S.C. §2255 in the federal court which entered the judgment.)

   _____ jail or prison conditions

   ___✓___ prison discipline

   ___✓___ a parole problem

   _____ other. State briefly: _____
   _____
   _____

2. Place of detention: TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION

3. Have you filed previous petitions for habeas corpus, motions under 28:2255, or any other applications, petitions or motions with respect to this conviction?

   _____ yes          ___✓___ no

   If your answer above is "Yes," give the following information:

   a. Name of Court: __N/A_____
   b. Nature of proceeding: __N/A_____
   c. Grounds raised: __N/A_____

   _____
   _____
   _____

   d. Result: __N/A_____
   e. Date of Result: __N/A_____
   f. Citation or number of any written opinion or order entered pursuant to each such disposition: __N/A_____

4. If you did not file a motion under Section 2255 of Title 28, U.S.C., or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: __N/A__

   _____
   _____
   _____

5. Are you presently represented by counsel? _____ Yes ___✓___ No

   If so, name, address and phone number of counsel: __N/A__

6. Name and location of court which imposed sentence: __40TH JUDICIAL DISTRICT COURT ELLIS COUNTY, TEXAS.   WAXAHACHIE TEXAS__

ClibPDF - www.fastio.com

7. Indictment or case number, if known: __21,955 CR__

8. Offense or offenses for which sentence was imposed: __POSSESSION OF MARIJUANA__

9. Date upon which sentence was imposed and the terms of the sentence: __MARCH 20, 1996 99 YEARS T.D.C.J.-I.D.__

10. When was a finding of guilty made? (Check one.)

    _____ After a plea of guilty

    ___✓_____ After a plea of not guilty

    _____ After a plea of nolo contendere

11. If you were found guilty after a plea of not guilty, was that finding made by:

    ___✓_____ A jury

    _____ A judge without a jury

12. Did you appeal from the judgment of conviction or the imposition of sentence?

    ___✓_____ Yes

    _____ No

13. If you did appeal, give the following information for each appeal:

    a. Name of Court: __10TH SUPREME JUDICIAL DISTRICT COURT__

    b. Result: __DENIED__

    c. Date of Result: __NOVEMBER 1996__

    d. Citation or number of opinion: __UNKNOWN / NA__

    e. Grounds raised: (List each one.)
    __UNKNOWN / NA__

    Note: If you appealed more than once, attach an additional sheet of the same size and give all the information requested above in question No. 13, a through e. Do not write on the reverse of pages.

- 4 -

14. State CONCISELY every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. If necessary, attach a single page behind this page.

    CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

    a. Ground one: _DENIAL OF DUE PROCESS & EQUAL PROTECTION RIGHTS._

    Supporting FACTS: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state <u>facts, not conclusions,</u> in support of your grounds. A rule of thumb to follow is--who did exactly what to violate your rights at what time or place.)
    _"SEE ATTACHED STATEMENT OF FACT"_

    b. Ground two: _DENIAL OF STATE CREATED LIBERTY INTEREST IN KEEPING APPLICANTS GOOD AND WORK TIME FOR PAROLE ELIGIBILITY PURPOSES._
    Supporting FACTS: _"SEE ATTACHED STATEMENT OF FACTS"_

    c. Ground three: _____

    Supporting FACTS: _____

15. If this petition concerns jail or prison conditions, prison discipline, a parole problem, or other cause under 28:2241, answer the following:

   a. Did you present the facts relation to your present complaint in the internal prison grievance procedure?

   __✓__ Yes    _____ No   SEE ATTACHED EXHIBITS

   (1) If your answer to "a" above is "yes," what was the result? __GRANTED__

   (2) If your answer to "a" above is "no," explain: __N/A__

   b. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

   _____ Yes    __✓__ No

   (1) If your answer is "yes," state the date such claim was submitted and what action, if any, has been taken. __N/A__

   (2) If your claim has been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning your claim.

   c. STATEMENT OF CLAIM: State here as briefly as possible the facts of your case. Do not give any legal arguments or cite any cases or statutes. Attach extra pages of the same size as this page if necessary. Do not write on the reverse side.

   __SEE ATTACHED STATEMENT OF FACTS AT PAGE (7) SEVEN.__

16. RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

ORDER DISCIPLINARY CASES NOS: #98390586 AND #990134959 DISMISSED FROM THIS APPLICANTS INSTITUTIONAL RECORD AND ORDER ALL PUNISHMENTS RESCINDED AND GIVEN BACK TO APPLICANT

Signed this __29TH__ day of __JANUARY__, __2000__
         (date)                (month)              (year)

_Martin Dale Walker_
Signature of petitioner

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on: __1-29-2000__
              (date)

_Martin Dale Walker_
Signature of petitioner

## STATEMENT OF FACTS

Applicant was issued a disciplinary violation report on August 17, 1998 for possession of marijuana. No evidence was taken or presented at the disciplinary hearing on August 18, 1998. Note that the disciplinary hearing was held less than 24 hours later, and at that disciplinary hearing absolutely no evidence was presented and in fact, no drug tests results were presented either.

At the disciplinary hearing, applicant's "so-called" counsel substitute never allowed applicant to discuss the issues involved, and also asked no pertinent questions, and in fact did not try to give any defense whatsoever. Applicant felt that he had no chance of any defense so he stupidly pled guilty as the record will show. Applicant then appealed the disciplinary conviction by way of his institutional appeal process. On September 25, 1998 the disciplinary conviction was overturned and dismissed. (See exhibit "A")

Note also, that the rules for rehearing on any disciplinary case is (30) thirty days unless a written request was made to the defendant and to the TDCJ-ID unit officials and none was made! (See exhibit "EEE" Disciplinary Rules and Procedures for Offenders) Then approximately (4) four months later a surprise rehearing was done against the TDCJ-ID policy, rules, and procedures. At the second illegally heard disciplinary hearing applicant was again found guilty by the same disciplinary hearing officer, being Captain T.S. Hinkle who threatened applicant (verbally off tape). (See admitted institutional grievances for said threat.) (See exhibits "C" and "D")

Applicant then submitted his second appeal for disciplinary conviction and the second appeal was also overturned. (See exhibit "B") dated January 8, 1999. Then on January 11, 1999, not liking the results

of the second appeal being overturned, the disciplinary hearing captain reheard the disciplinary charge again, and again found the applicant guilty.

It is obvious what was going on here to anyone. The fact is that the time restraints were violated and this case should be ordered dismissed and deleted from this applicant's institutional record by this Honorable Court, as he was and is not **guilty**.

Lastly, if this Court will examine exhibits "J","I", and "D", "EEE" (the TDCJ-ID Disciplinary Rules Handbook). This Honorable Court will see how truly vindictive and unprofessional that the TDCJ-ID's employees really are, because the TDCJ-ID's own disciplinary rules and procedures handbook exhibit "EEE" clearly states that the TDCJ-ID has only (30) thirty days for rehearing of disciplinary cases unless written notification is given to the defendants and requested from the warden "which was not done on September 25, 1998 nor on January 8, 1999. So not until at least February of 1999, at least 120 days later (4) months did the disciplinary captain realize his error and illegally held a mock rehearing which despite the TDCJ-ID rules and procedures he decided to simply violate, just because he could!

The fact of this case is that the TDCJ-ID sets its rules for inmate disciplinary hearings and the inmates are forced to adhere to them, and this Honorable Court should order the TDCJ-ID employees to do the same. The bottom line is that the same people that issued this disciplinary case (I.E., unit officials) dismissed it on September 25, 1998. Not to mention that this applicant was actually not guilty of the alleged disciplinary violation offense. Applicant asks this Court to examine this writ in its entirety.